UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA ANN JONES, <br><br> Plaintiff <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., <br><br> Defendant | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## COMPLAINT

BARBARA ANN JONES ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Callahan, Florida, 32011.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. Based on information and belief, the alleged debt at issue arose out of a transaction which were primarily for personal, family or household purposes.

17. Beginning in or around March of 2011 and continuing until July 2011, Defendant began making frequent and harassing automated telephone calls to Plaintiff's home telephone, to collect the alleged debt.

18. The telephone calls came as a surprise to Plaintiff, who does not believe that she or her husband owe any debt.

19. Defendant's representatives called Plaintiff's home telephone repeatedly and continuously on a near daily basis.

20. Plaintiff informed at least one of Defendant's representatives that she believes that she does not owe the debt, and therefore refuses to pay.

21. Nonetheless, Defendant continued the regular calls to Plaintiff's home telephone.

22. The calls became so frequent that Plaintiff and her husband became hesitant to answer their telephone.

23. Furthermore, at no point did Defendant send Plaintiff correspondence setting forth her right to dispute the alleged debt and/or seek verification of the alleged debt.

24. Defendant's intentional actions attempting to collect the alleged debt were harassing, deceptive and unconscionable.

## CONSTRUCTION OF APPLICABLE LAW

25. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

26. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

27. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection

practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

# COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly;

    d. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means to collect an alleged debt;

    e. Defendant violated § 1692g(a) of the FDCPA by failing to inform Plaintiff within five (5) days of the initial communication between Defendant and Plaintiff that Plaintiff has thirty (30) days to dispute and/or demand validation of the alleged debt;

    f. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, BARBARA ANN JONES, respectfully prays for a judgment as follows:

Case 2:11-cv-05427-CDJ   Document 1   Filed 08/29/11   Page 7 of 8

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BARBARA ANN JONES, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 08/26/11

KIMMEL & SILVERMAN, P.C.

By: _____

Amy L. Bennecoff
Attorney ID # 202745
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: abennecoff@creditlaw.com